UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SETH ADAM VILCHUCK, | ) |
|         Plaintiff, | ) |
| v. | ) No. 1:25-cv-01972-SEB-TAB |
| TRENT ALLEN Warden of ISR, <br> YA YA Sgt., ISR Officer, | ) |
|         Defendants. | ) |

**Order Dismissing Complaint, Directing Filing of Amended Complaint,
and Denying Pending Motions**

Plaintiff Seth Vilchuck is a prisoner currently incarcerated at Pendleton Correctional Facility ("Pendleton"). He alleges in this civil action that he was deprived of water and a functioning toilet and exposed to wastewater in violation of the Eighth Amendment. Because the plaintiff is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

1

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Vilchuck's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). The complaint names as defendants (1) Pendleton Warden Trent Allen; and (2) Sgt. Ya Ya. Mr. Vilchuck is seeking damages.

Mr. Vilchuck states that on April 2, 2025, the water in his cell house was shut off from 7 a.m. to 5:25 p.m. due to facility-wide maintenance. Inmates were supposed to receive bottled water every four hours during this time, but Sgt. Ya Ya refused to provide Mr. Vilchuck with water. Sgt. Ya Ya also refused to flush Mr. Vilchuck's toilet for him. In all, Mr. Vilchuck did not have drinking water for 10 hours or a functioning toilet for 14 hours. Mr. Vilchuck also alleges that there was standing wastewater "on my range" on April 2-5, 2025. Dkt. 1 at 4. Again, on June 5-6, 2025, wastewater leached into Mr. Vilchuck's range, he was not given a mop to clean it up, and it was not cleaned up for about 10 hours.

## III. Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed for failure to state a claim upon which relief may be granted. First, this action is brought pursuant to 42 U.S.C. § 1983. Section 1983 "provides a cause of action for the deprivation of constitutional rights by persons acting under color of state law." *Torres v. Madrid*, 141 S. Ct. 989, 994 (2020). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). In this case, it is the Eighth Amendment.

> In cases involving the conditions of confinement in a prison, two elements are required to establish a violation of the Eighth Amendment's prohibition against cruel and unusual punishment: first, an objective showing that the conditions are sufficiently serious—*i.e.*, that they deny the inmate the minimal civilized measure of life's necessities, creating an excessive risk to the inmate's health and safety—and second, a subjective showing of a defendant's culpable state of mind.

*Isby v. Brown*, 856 F.3d 508, 521 (7th Cir. 2017) (internal citations and quotation omitted).

Prisoners are entitled to at least minimally-sanitary living conditions. *See Johnson v. Pelker*, 891 F.2d 136, 139 (7th Cir. 1989). The cleanliness (or lack thereof) of a prison's living quarters may be actionable if the conditions are "unusually dirty or unhealthy . . . ." *Lunsford v. Bennett*, 17 F.3d 1574, 1580 (7th Cir. 1994). When considering a claim such as Mr. Vilchuck's, the degree of alleged filth must be balanced against the time the inmate was forced to endure it. *See McBride v. Deer*, 240 F.3d 1287, 1291–92 (10th Cir. 2001).

Certainly, Mr. Vilchuck describes an unpleasant situation. But, "not everything that is undesirable, annoying, or even harmful amounts to a violation of the law, much less a constitutional problem." *Brown v. Chicago Board of Education*, 824 F.3d 713, 714 (7th Cir. 2016). *See also Brandt v. Bd. of Educ. of City of Chi.*, 480 F.3d 460, 465 (7th Cir. 2007) ("[D]e minimis non curat lex (the law doesn't concern itself with trifles) is a doctrine applicable to constitutional as to other cases").

The Court concludes that the alleged length of time Mr. Vilchuck had to endure a non-functioning toilet in his cell does not rise to the level of an unconstitutional condition of confinement in violation of the Eighth Amendment. There are no allegations that Mr. Vilchuck was forced to sleep on the floor, for example, or that he contracted an illness of some kind. It is not always necessary to for an inmate to show that an unsanitary condition directly caused an injury or illness. However, it is relevant to balancing all of the circumstances faced by Mr.

3

Vilchuck. *Cf. Delaney v. DeTella*, 256 F.3d 679, 685 (7th Cir. 2001) ("in conditions-of-confinement cases . . . there may be some interplay between the severity of the deprivation alleged and the required showing of injury.").

"[N]ot every overflowed toilet in a prison amounts to a constitutional violation." *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996). In *Smith*, the Court held that an allegation of being confined to a cell with an overflowing toilet for four days, without any claim of negative consequences resulting from the exposure, did not "implicate constitutional concerns." *Id.* This is generally consistent with the law in this Circuit and elsewhere. *See, e.g.*, *Harris v. Fleming*, 839 F.2d 1232, 1235–36 (7th Cir. 1988) (five-day stay in "filthy, roach-infested cell" and being deprived of toilet paper during that time not unconstitutional); *Newmones v. Ransom*, 2024 WL 624239, at *4 (W.D. Pa. Feb. 14, 2024) (two days in cell covered in inmate's feces did not state an Eighth Amendment claim); *Boyington v. Walker*, 2018 WL 3649027, at *3 (W.D. Ky. Aug. 1, 2018) (being deprived of working toilet and other amenities for at most two days did not violate the Eighth Amendment). Mr. Vilchuck's allegation of being deprived of a working toilet for 14 hours does not state an Eighth Amendment claim.

Nor does his allegation that he did not have drinking water for 10 hours. Lacking access to drinking water certainly can amount to an Eighth Amendment violation, depending on the length of the deprivation. *See Hardeman v. Curran*, 933 F.3d 816, 821 (7th Cir. 2019). But the length of such deprivations is usually measured in days, not hours. *See id.* (three days without water); *Dellis v. Corrections Corp. of Am.*, 257 F.3d 508, 512 (6th Cir. 2001) (holding that a plaintiff "given only two half pints of milk and one sixteen and one-half ounce bottle of water" over three days stated an Eighth Amendment claim); *Johnson v. Lewis*, 217 F.3d 726, 732 (9th Cir. 2000) (finding allegations of inadequate drinking water over four days, along with other deprivations, sufficient

to state an Eighth Amendment claim). By contrast, in *Scruggs v. Davis*, 2021 WL 1144743, at *5–6 (S.D. Ind. Mar. 25, 2021), this Court noted the lack of any authority for the proposition that being deprived of drinking water for six to seven hours is sufficient to state an Eighth Amendment claim. Mr. Vilchuck's allegations here are like those in *Scruggs* and not the cases alleging deprivation of water or other liquids to drink for days.

Finally, Mr. Vilchuck's allegations of being exposed to wastewater on April 2-5 and June 9-10 do not state a claim. Even if the Court were to assume that this presented an objectively serious risk to Mr. Vilchuck's health, there are insufficient allegations that either defendant was personally aware of the situation and/or failed to take timely and reasonable action to address it, or were even responsible for addressing it. *See Jones v. Anderson*, 116 F.4th 669, 679 (7th Cir. 2024) ("even if we assume for the sake of argument that the conditions Jones describes were objectively severe, there's no evidence that any of the officers were aware of them and deliberately disregarded an excessive risk of harm to Jones").

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

### IV. Opportunity to File an Amended Complaint

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the court will allow the plaintiff to amend his complaint if, after reviewing this Court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C.

§ 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

The plaintiff shall have **through January 6, 2025, to file an amended complaint**.

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Order, which he must use if he files an amended complaint. *See* Local Rule 8-1 (requiring pro se plaintiffs to use the clerk-provided form for claims under 42 U.S.C. § 1983).

Any amended complaint should have the proper case number, 1:25-cv-01972-SEB-TAB, and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

### V. Motions for Assistance or Emergency Treatment

Mr. Vilchuck has filed one motion seeking a court order that he receive opioid addiction treatment and an MRI for a "cancer scare" at an outside hospital. Dkt. 8. He also has filed a "motion for court ordered treatment" that repeats his request that he be sent to an outside hospital for an

MRI and other testing for suspected cancer. Dkt. 9. To the extent Mr. Vilchuck is seeking injunctive relief, it is not related to his allegations in this case and cannot be granted. *See Benisek v. Lamone*, 138 S. Ct. 1942, 1945 (2018) ("[T]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." (cleaned up)); *see also DeBeers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) ("A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally."). His motions are **DENIED**. Dkts. [8], [9].

**IT IS SO ORDERED.**

Date: 12/9/2025

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

SETH ADAM VILCHUCK
149912
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064